UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   MITCHELL L. MOSELEY,                                   No. 11-15299-j7

     Debtor.

---

SIERRA CHEMICALS, L.C.,

     Plaintiff,

     v.                                                          Adversary No. 12-1166 J

MITCHELL L. MOSELEY,

     Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Debtor's Motion to Dismiss Sierra Chemicals, L.C.'s ("Sierra Chemicals") Complaint for Objection to Discharge and Dischargeability ("Motion to Dismiss") filed by Defendant Mitchell L. Moseley. Mr. Moseley requests dismissal of Sierra Chemicals' Complaint Objecting to Discharge ("Complaint") under Rule 12(b)(6), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7012, Fed.R.Bankr.P., for failure to state a claim upon which relief can be granted.

Sierra Chemicals filed this adversary proceeding to seek a determination of non-dischargeability of a debt upon which a judgment was issued against Mr. Moseley in favor of Sierra Chemicals in an action in federal district court. Sierra Chemicals objects under 11 U.S.C. § 727 to Mr. Mosley being granted a discharge. Sierra Chemicals also alleges that the debt in question is non-dischargeable under one or more of the following non-dischargeability provisions: 1) 11 U.S.C 523 (a)(2)(A) as a debt procured by false pretenses, a false representation, or actual fraud; 2) 11 U.S.C. 523(a)(2)(B) as a debt procured by a false writing

relating to financial conditions; 3) 11 U.S.C. 523(a)(4) as a debt procured by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; 4) 11 U.S.C. 523(a)(6) as a debt stemming from a willful and malicious injury; and 5) 11 U.S.C. 523(a)(11) as a debt arising from bank fraud.[1]  Alternatively, Sierra Chemicals asks this Court to dismiss Mr. Moseley's Chapter 7 bankruptcy case due to his untruthfulness

After consideration of the Motion to Dismiss in light of the applicable sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et al. ("Code") and case law, and being otherwise sufficiently informed, the Court concludes that the Complaint fails to state a claim under 11 U.S.C §§ 523(a)(2)(B) and 523(a)(11) but potentially states a claim under the remaining Code sections upon which Sierra Chemicals relies.  The Court will, therefore, grant the Motion to Dismiss in part, and will deny the Motion to Dismiss as to Sierra Chemicals' claims under §§ 523(a)(2)(A), 523 (a)(4), 523(a)(6), and 727 provided that Sierra Chemicals amends its complaint by **November 13, 2012** to plead its claims in accordance with the requirements of the applicable Federal Rules of Civil Procedure.

LEGAL STANDARD FOR EVALUATING A MOTION TO DISMISS

A motion to dismiss for failure to state a claim is governed by Rule 12(b)(6), Fed.R.Civ.P, made applicable to adversary proceedings by Rule 7012, Fed.R.Bankr.P.  The purpose of a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir.1994).  In evaluating a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well pleaded facts and evaluates those facts in the light most favorable to the plaintiff.  *Rosenfield v. HSBC Bank, USA,* 681 F.3d 1172, 1178 (10th Cir. 2012).  To survive a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., the

---

[1] *See* Complaint for Objection to Discharge and Dischargability, Docket No. 1.

complaint must contain enough facts to state a cause of action that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In other words, the plaintiff must "nudge [his] claims across the line from conceivable to plausible." *Id.*

In applying this standard, the Court should look "to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir.2008) (internal quotations omitted). The Court must not "weigh the potential evidence that the parties might present at trial" in order to test the sufficiency of the complaint for purposes of Rule 12(b)(6). *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.1999) (internal citations omitted). Nevertheless, to withstand dismissal, the plaintiff must sufficiently allege all facts necessary to support the required elements under the legal theory proposed. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir.2007).

The Tenth Circuit has observed that there is some disagreement among Circuit Courts as to whether the new standard enunciated by *Twombly* results in a minimal change, or whether the new standard, in fact, requires a significantly higher standard of pleading. *Khalik v. United Air Lines,* 671 F.3d 1188, 1191 (10th Cir. 2012) (comparing *In re Travel Agent Comm'n Antitrust Litig.,* 583 F.3d 896, 911 (6th Cir. 2009) (finding that, to satisfy the *Twombly* standard, the plaintiff must plead enough specific facts "to raise a reasonable expectation that discovery will reveal evidence) *with id.* at 912 (Merritt, J., dissenting) and *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008) (stating that *Twombly* "did not . . . supplant the basic notice-pleading standard")). The Tenth Circuit instructs that the *Twombly* standard is "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more

-3-

than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotation marks and citations omitted). In short, within the Tenth Circuit, the notice pleading requirement under "Rule 8(a)(2) still lives." *Khalik,* 671 F.3d at 1191. With these principles in mind, the Court will evaluate the sufficiency of the Complaint in light of the Motion to Dismiss.

FACTUAL ALLEGATIONS CONTAINED IN THE COMPLAINT[2]

Sierra Chemicals operates an industrial cleaning business that removes dirt and debris from polluted aerial coolers called "fin-fans." *See* Complaint, ¶ 8. Sierra Chemicals employed Mr. Moseley between September 2005 and January 2009. *Id.* at ¶¶ 8 and 9. In January 2008, Mr. Moseley entered into an employment contract with Sierra Chemicals, under which Mr. Moseley agreed to refrain from competing in the fin-fan cleaning business within 75 miles of San Juan County, New Mexico for one year following his termination. *Id.* at ¶¶ 10-11. Sierra Chemicals alleges that roughly one year later, Mr. Moseley formed a competing industrial cleaning business and began soliciting fin-fan cleaning jobs in the San Juan County area. *Id.* at ¶ 13. On December 7, 2011, the United States District Court for the District of New Mexico entered a judgment (the "Judgment") pursuant to an arbitration award in favor of Sierra Chemicals and against Mr. Moseley in the amount of $352,997.19. *Id.* at ¶ 19. The Complaint does not include an explanation of the nature of the arbitrated dispute or the grounds upon which the arbitrator reached the decision.

Less than a week after the judgment was entered, Mr. Moseley filed a petition for relief under Chapter 7 of the Bankruptcy Code. *Id.* at ¶ 20. Sierra Chemicals alleges that Mr. Moseley

---
[2] The factual allegations are treated as true for the purposes of the instant Motion to Dismiss only. Additional factual allegations contained in the Complaint are addressed in the Discussion section of this Memorandum Opinion.

-4-

lied to the Trustee at the Section 341(a) meeting of creditors and was dishonest in the completion of schedules and financial statements. *Id.* at ¶ 21. More specifically, Sierra Chemicals alleges that Mr. Moseley: (1) denied having any industrial cleaning equipment when he actually possessed equipment used by Sierra Chemicals, and (2) denied doing business under any other name while in fact he was doing business under the name of MACC Services. *Id.* at ¶¶ 21-25.

## DISCUSSION

Sierra Chemicals asserts that the debt Mr. Moseley owes it is non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6), and 523(a)(11) and that Mr. Moseley should be denied a discharge under 11 U.S.C. § 727. The Complaint focuses on Mr. Moseley's behavior during three time periods: (1) after Mr. Moseley left Sierra Chemicals' employ; (2) during Mr. Moseley's Section 341(a) meeting of creditors; and (3) for pre-petition behavior surrounding the alleged disappearance of vehicles and work equipment used by Sierra Chemicals.

The Complaint contains a single set of operative facts to support all six counts under various subsections of §§727 and 523(a). Based on those allegations, the Court concludes that Sierra Chemicals may potentially state a claim under 11 U.S.C. § 727 and §§523(a)(2)(A), (a)(4), and (a)(6). Because "leave to amend should be freely given when justice so requires," Mr. Moseley's Motion to Dismiss will denied as to those counts, provided that Sierra Chemicals amends the Complaint in a manner consistent with this opinion and as required by the applicable Federal Rules of Civil Procedure. *See Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010) (internal citations omitted). Sierra Chemicals' remaining claims under 11 U.S.C. § 523(a)(2)(B) and 523 (a)(11) will be denied based on the alleged facts and well-established case law. The Court will separately address each of Sierra Chemicals' claims for relief.

*1. Dismissal is not an appropriate remedy in this adversary proceeding.*

Sierra Chemicals asserts that the Court should dismiss the underlying Chapter 7 case as a result of untruthfulness in the completion of schedules and testimony in the Section 341(a) meeting of creditors. Pursuant to 11 U.S.C. § 707(b)(1):

> the [C]ourt, on *its own motion or on a motion* by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under [Chapter 7 of the Bankruptcy Code] whose debts are primarily consumer debts, … if it finds that the granting of relief would be an abuse of the provisions of this chapter.

§ 707(b)(1) (emphasis added).[3]

Dismissal of Mr. Moseley's bankruptcy case is not an appropriate remedy in this adversary proceeding. Requests to dismiss a Chapter 7 case must be made by motion in the underlying bankruptcy case. *See* Rule 1017(e), Fed.R.Bankr.P. ("The court may dismiss … an individual debtor's case for abuse under § 707(b) only on motion and after a hearing on notice to the debtor, the trustee, the United States trustee, and any other entity as the court directs."). Sierra Chemicals did not file a motion to dismiss in Mr. Moseley's bankruptcy case.

Accordingly, the Court will deny, without prejudice, Sierra Chemicals' request that the underlying Chapter 7 be dismissed.

*2. The Complaint fails to state a claim under 11 U.S.C. § 523(a)(2)(B)*

---

[3] Similarly, 11 U.S.C. § 707(a) provides:

> (a) The court may dismiss a case under this chapter *only after notice and a hearing* and only for cause, including—
>    (1) unreasonable delay by the debtor that is prejudicial to creditors;
>    (2) nonpayment of any [required] fees or charges; and
>    (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow…the information required by paragraph (1) of section 521 (a), but only on a motion by the United States Trustee.

§ 707(a) (emphasis added).

Sierra Chemicals asserts that Mr. Mosley's debt to it is non-dischargeable under 11 U.S.C. § 523(a)(2)(B). Pursuant to that section, certain debts incurred by use of a false writing relating to the debtor's financial condition upon which the creditor reasonably relied are non-dischargeable.[4] 11 U.S.C. § 523(a)(2)(B).

Section 523(a)(2)(B) requires the movant to establish that the debtor provided a written false financial statement to the creditor. *Bellco First Federal Credit Union v. Kaspar ( In re Kaspar )*, 125 F.3d 1358, 1361 (10th Cir.1997) (internal citations omitted) ("The requirement of a writing is a basic precondition to nondischargeability under section 523(a)(2)(B)."). *See also Snyder v. Schlesselman (In re Snyder)*, 2009 WL 4049139, *1 (10th Cir. Nov. 24, 2009) (holding "that a claim under § 523(a)(2)(B) can be brought only if the debtor provided a written financial statement to the creditor"). Allegations concerning oral statements therefore cannot serve as a basis for a claim under Section 523(a)(2)(B).

Further, the written statement respecting the debtor's financial condition must "purport to present a picture of the debtor's overall financial health." *Cadwell v. Joelson* (*In re Joelson*), 427 F.3d 700, 714 (10th Cir.2005). Any objection to dischargeability under 11 U.S.C. § 523(a)(2)(B) must be predicated upon a false statement that comports with the following:

> Statements that present a picture of a debtor's overall financial health include those analogous to balance sheets, income statements, statements of changes in overall financial position, or income and debt statements that present the debtor or insider's net worth, overall financial health, or equation of assets and liabilities. However, such

---

[4] § 523(a)(2)(B) provides, in relevant part:

> A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by (B) use of a statement in writing—(i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive.

-7-

statements need not carry the formality of a balance sheet, income statement, statement of changes in financial position, or income and debt statement. What is important is not the formality of the statement, but the information contained within it—information as to the debtor's or insider's overall net worth or overall income flow.

*Id.* at 714.

Finally, to prove a claim under claim under 11 U.S.C. § 523(a)(2)(B), the plaintiff must have reasonably relied upon the false statement in making a loan or bestowing some benefit upon the debtor. In the Tenth Circuit, the "standard of reasonableness places a measure of responsibility upon a creditor to ensure that there exists some basis for relying upon debtor's representations." *Leadership Bank, N.A. v. Watson (In re Watson)*, 958 F.2d 977, 978 (10th Cir. 1992) (internal citations omitted). As such, "the debtor's dishonesty will not excuse a creditor's unreasonable reliance on a false financial statement." *Id.*

Sierra Chemicals' Complaint fails to allege any of the required elements to establish a claim under 11 U.S.C. § 523(a)(2)(B). The Complaint contains no allegations of any false writing relating to the debtor's financial condition provided by Mr. Moseley to Sierra Chemicals, prior to the entry of the employment contract or on any other occasion, regarding overall financial health. Although the Complaint includes several allegations that Mr. Moseley executed promissory notes in favor of Citizens Bank and several other investors, those allegations are insufficient. Further, the Complaint does not contain an allegation that Sierra Chemicals relied upon a false writing relating to the debtor's financial condition in making a loan or bestowing some benefit upon the debtor. Consequently, Sierra Chemicals has failed to state a claim of non-dischargeability under 11 U.S.C. § 523(a)(2)(B) and such claim will be dismissed.

*3. The Complaint fails to state a claim under 11 U.S.C. § 523(a)(11)*

Next, Sierra Chemicals asserts that Mr. Moseley's debt is non-dischargeable under 11 U.S.C. § 523(a)(11), presumably because it arises from a final judgment. Section 523(a)(11),

however, plainly is inapplicable to this adversary proceeding under the alleged facts. That section provides:

> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
>> (11) provided in any final judgment, unreviewable order, or consent order or decree entered in any court of the United States or of any State, issued by a Federal depository institutions [ sic ] regulatory agency, or contained in any settlement agreement entered into by the debtor, arising from any act of fraud or defalcation while acting in a fiduciary capacity committed with respect to any depository institution or insured credit union.

11 U.S.C. § 523(a)(11) (emphasis added).

In *Cago v. Slade (In re Slade)*, 471 B.R. 626, 651 (Bankr.D.N.M. 2012 J. Jacobvitz), the Court explained that § 523(a)(11) should not be misconstrued to mean that any settlement agreement or final judgment entered by a court is non-dischargeable. *Id.* Instead, "[t]he debtor must have committed the fraud or defalcation 'while acting in a fiduciary capacity committed with respect to any *depository institution* or *insured credit union*.'" *Id.* (emphasis added). Moreover, "depository institution" and "insured credit union" are terms of art under the Code. A "depository institution" is defined as "any bank or savings association." *Id.* An "'insured credit union' means any credit union the member accounts of which are insured in accordance with the provisions of subchapter II of [the Federal Credit Union Act]." *Id.*

Sierra Chemicals has failed to allege the necessary facts to support a claim under §523(a)(11). Although the Complaint alleges that the debt arises from a final judgment, Sierra Chemicals has not alleged that it is that it is a "depository institution" or an "insured credit union." Instead, Sierra Chemicals has alleged that it is a privately held limited liability company that engages in fin-fan cleaning services for the oil and gas industry.

Consequently, Sierra Chemicals' claim of non-dischargeability under that 11 U.S.C. § 523(a)(11) must be dismissed.

*4. Whether the Complaint states a claim under 11 U.S.C. § 523(a)(2)(A).*

Sierra Chemicals alleges that the debt Mr. Moseley owes to it is non-dischargeable under 11 U.S.C. § 523(a)(2)(A) because it is based on fraud. To prevail on a non-dischargeability claim based on false pretenses, a false representation or actual fraud, a plaintiff must demonstrate that: "1) the debtor made a false representation [or in the case of a false pretence, an implied misrepresentation that is meat to create and foster a false impression]; 2) … with the intent to deceive the creditor; 3) the creditor relied on the false representation [or implied misrepresentation]; 4) the creditor's reliance was justified; and 5) the creditor was damaged as a result." *Cabrera v. Larranaga (In re Larranaga),* 2011 WL 1344562 at *2 (Bankr.D.N.M. J. Jacobvitz), citing *Fowler Bros v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir.1996). *See also Field v. Mans*, 516 U.S. 59, 60, 116 S.Ct. 437, 439, 133 L.Ed.2d. 351 (1995) (changing the standard of reliance under 11 U.S.C. § 523(a)(2)(A) from "reasonable" to "justifiable."); *In re Riebesell*, 586 F .3d 782, 792 (10th Cir.2009) (same).

A party asserting a claim for actual fraud under § 523(a)(2)(A) is subject to the heightened pleading requirements of Rule 9(b), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7009, Fed.R.Bankr.P. [5] To satisfy the requirements of Rule 9(b), a plaintiff must plead the factual grounds upon which the fraud is based sufficiently to afford the defendant fair notice of the fraud claim, including, generally, the "time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir.2000) (citation omitted).

---

[5] *Signet Bank v. Keyes,* 1992 WL 66723, *2 (10th Cir. Apr. 3, 1992) (requiring allegations of fraud under § 523(a)(2)(A) to be stated with particularity); *In re Glunk,* 343 B.R. 754, 757 (Bankr.E.D.Pa. 2006) (noting that "[c]omplaints for nondischargeability for fraud under § 523(a)(2)(A) are governed by the heightened pleading requirements of Fed. R. Bankr.P. 7009 and Fed.R.Civ.P. 9(b)"); *In re Sibley*, 71 B.R. 147, 150 (Bkrtcy.D.Mass. 1987) (same).

Based on the facts Sierra Chemicals alleged, it is not clear that the Complaint complies with Rule 8(a), Fed.R.Civ.P., let alone the heightened pleading requirements of Rule 9(b). Sierra Chemicals' Complaint simply alleges that the debt stemming from the Judgment against Mr. Moseley on an arbitration award is non-dischargeable because it is based on fraud. The Complaint gives no clue as to the nature or extent of the alleged fraud, however. Nor does the Complaint does not allege the grounds upon which the Judgment was entered or even what type of claims were arbitrated.

The Court concludes that the Complaint in its current form fails to allege sufficient facts to comply with the requirement for pleading a claim of fraud under § 523(a)(2)(A) that complies with Rule 9(b), Fed.R.Civ.P. Because the Complaint contains some allegations, however sparse, that Mr. Moseley engaged in dishonest or fraudulent behavior, the Court will afford Sierra Chemicals an opportunity to amend its complaint to state a claim under § 523(a)(2)(A) that complies with the Federal Rules of Civil Procedure.

*5. Whether the Complaint states a claim under 11 U.S.C § 523(a)(4).*

Sierra Chemicals also objects to dischargeability under 11 U.S.C. §523(a)(4), seemingly based on allegations that Mr. Moseley removed fin-fan cleaning equipment from Sierra Chemicals' work yard. Pursuant to § 523(a)(4), debts "for fraud or defalcation while acting in a fiduciary capacity," embezzlement, or larceny are non-dischargeable.

The fiduciary relationship contemplated by § 523(a)(4) is extremely narrow; it only arises when there is an express or technical trust, and must exist prior to and not a result of the wrongdoing.[6] *Fowler Bros. v. Young (In re Young),* 91 F.3d 1367, 1371-72 (10th Cir.1996). A

---

[6] *See Allen v. Romero (In re Romero)*, 535 F.2d 618, 621 (10th Cir.1976) (stating that "[t]he exception under § 17(a)(4) [the predecessor under the former Bankruptcy Act to § 523(a)(4)] applies only to technical trusts and not to those which the law implies from contract.") (internal citations omitted); *Davis*

-11-

generalized duty of confidence, trust, loyalty or good faith is insufficient for purposes of establishing a fiduciary capacity within the meaning of § 523(a)(4). *Id.* (stating that "[n]either a general fiduciary duty of confidence, trust, loyalty, and good faith, nor an inequality between the parties' knowledge or bargaining power is insufficient to establish a fiduciary relationship for purposes of dischargeability.") (internal citations omitted).

Section 523(a)(4) also encompasses debts resulting from embezzlement and larceny.[7] Embezzlement and larceny are distinct categories of non-dischargeable debts under § 523(a)(4) that do not separately require that the debtor act in a fiduciary capacity. *Hernandez v. Dorado (In re Dorado)*, 400 B.R. 304, 309 (Bankr.D.N.M.2008) (stating that "[d]ebts may also be declared non-dischargeable under § 523(a)(4) in the absence of a fiduciary relationship when the debts result from a debtor's embezzlement or larceny.") (internal citations omitted). For the purposes of § 523(a)(4), this Court has defined embezzlement as "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *In re Larranaga*, 2010 WL 3521732, at *6 (Bankr.D.N.M. J. Jacobvitz) (internal citations omitted). Larceny is generally defined as the "felonious taking of another's personal property with intent to convert it or deprive the owner of the same." *Cago v. Slade (In re Slade)*, 471 B.R. 626, 649 (Bankr.D.N.M. J. Jacobvitz) (internal citations omitted). The essential difference between larceny and embezzlement is the way in which the property changes hands. With larceny, the perpetrator never possessed the stolen property. With embezzlement, however, the perpetrator lawfully possessed the property and subsequently converted it into his or her own property.

---

*v. Aetna Acceptance Co.*, 293 U.S. 328, 333, 55 S.Ct. 151, 154, 79 L.Ed.3d 393 (1934) (noting that the debtor "must have been a trustee before the wrong and without reference thereto.").

[7] Section § 523(a)(4) provides, in relevant part: "[a] discharge under section 727 ... of this title does not discharge an individual debtor from any debt—for fraud or defalcation while acting in a fiduciary duty, embezzlement, or larceny."

-12-

Sierra Chemicals does not allege facts to support a finding that a fiduciary relationship existed between Sierra Chemicals and Mr. Moseley, that an express or technical trust existed, or that Mr. Moseley committed embezzlement or larceny. Sierra Chemicals alleges that Mr. Moseley took a truck and other equipment from Sierra Chemicals' work yard. The Complaint simply alleges that the truck and equipment were *used* by Sierra Chemicals, not that Sierra Chemicals owned, leased, or had any other interest in the truck or the equipment. For a claim of larceny or embezzlement to be actionable under § 523(a)(4), the perpetrator must take property *of another*. At a minimum, Sierra Chemicals must establish that Mr. Moseley either fraudulently appropriated property entrusted to him or took property belonging to another with felonious intent. Based on the current allegations in the Complaint, it is possible that Mr. Moseley took his own truck and equipment from Sierra Chemicals' work yard or that Mr. Moseley had some other valid interest in the property.

The Court concludes that the Complaint in its current form fails to allege sufficient facts to comply with the requirement for pleading a claim under § 523(a)(4) that complies with Rule 8(a), Fed.R.Civ.P. Because Sierra Chemicals hints that Mr. Moseley somehow misappropriated the equipment, however, the Court will afford Sierra Chemicals an opportunity to amend its complaint to state a claim under § 523(a)(4) that complies with the Federal Rules of Civil Procedure.

*6. Whether the Complaint states a claim under 11 U.S.C. § 523(a)(6).*

Under 11 U.S.C. §523(a)(6), a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is non-dischargeable. The "willful" and "malicious" prongs are analyzed separately, and allegations concerning both are required to state

-13-

Case 12-01166-t    Doc 20    Filed 10/19/12    Entered 10/19/12 15:33:24 Page 13 of 17

a claim under § 523(a)(6).[8]  In a unanimous opinion, the United States Supreme Court explained the meaning of the "willful and malicious" language contained in § 523(a)(6), as follows:

> [t]he word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a *deliberate or intentional injury*, not merely a deliberate or intentional *act* that leads to injury. [...] Moreover, [ ] the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the consequences of an act," not simply "the act itself."

*Kawaauhau v. Geiger*, 523 U.S. 57, 61–62, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) (citations omitted, emphasis in original).

Plaintiff's Complaint fails to allege enough facts to support the elements for non-dischargeability under 11 U.S.C. § 523(a)(6).  It is unclear from the Complaint precisely what type of injury, if any, Sierra Chemicals suffered.  As the Court explained above, Sierra Chemicals did not allege that Mr. Moseley engaged in any wrongful act in relation property belonging to Sierra Chemicals.  Likewise, Sierra Chemicals made no allegations of any injury to the entity of the type contemplated by § 523(a)(6).  Although Sierra Chemicals obtained a judgment against Mr. Moseley, the Complaint does not include information pertaining to the arbitrated dispute.  Without this information, the Court cannot determine whether Sierra Chemicals can state a claim under § 523(a)(6).

---

[8] This Court has counseled against overlooking the difference between the terms "willful" act and "malicious injury" in § 523(a)(6).  Without proof of both, an objection to the discharge of a debt under that section must fail.  *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir.2004).  For example, in *In re Parra,* --- B.R. ---*,* 2012 WL 4107310, *13 (Bankr.D.N.M. 2012 J. Jacobvitz), this Court held, to constitute a willful act under § 523(a)(6), the debtor must "desire ... [to cause] the consequences of his act or ... believe [that] the consequences are substantially certain to result from it." (quoting *Mitsubishi Motors Credit of America, Inc. v. Longley (In re Longley)*, 235 B.R. 651, 657 (10th Cir.BAP1999)).  Because the Tenth Circuit directs that willful and malicious are separate, distinct requirements, "malicious" must be defined so that it is distinguishable from "willful."  The "malicious" component of § 523(a)(6) therefore requires an "intentional, wrongful act, done without justification or excuse."  *Id.*

-14-

The Court concludes that the Complaint in its current form fails to allege sufficient facts to comply with the requirement for pleading a claim under § 523(a)(4) that complies with Rule 8(a), Fed.R.Civ.P. Because the Complaint suggests, however subtly, that Mr. Moseley's conduct injured Sierra Chemicals, the Court will afford Sierra Chemicals an opportunity to amend its complaint to state a claim under § 523(a)(4) that complies with the Federal Rules of Civil Procedure.

### 7. *Whether the Complaint states a claim under §727*

Finally, Sierra Chemicals asserts that Mr. Moseley should be denied a discharge under 11 U.S.C. § 727. That Code section provides for the granting to debtors of a discharge of their debts unless one or more of the enumerated exceptions to granting a discharge applies. *See* 11 U.S.C. § 727(a)-(e). The Complaint contains general allegations that Mr. Moseley was dishonest at Mr. "Mosley's 341 First Meeting of Creditors" by denying "having any vehicles, equipment or other items used in cleaning large industrial heat exchangers used in the oil and gas industry." Complaint, ¶ 21. In the prayer for relief, Sierra Chemicals states the Mr. Mosley was untruthful in the completion of schedules and statements, without specifying the nature of the alleged untruthfulness. The Complaint does not specify the subsection or subsections of § 727 upon which Sierra Chemicals relies. Mr. Moseley is not required to guess the subsection(s) of § 727 under which Sierra Chemicals is asserting a claim.

The Court concludes that the Complaint fails state the subsections § 727 upon which Sierra Chemicals relies, and fails to allege sufficient facts relating to any alleged untruthfulness in schedules and statements. However, the Court will give Sierra Chemicals an opportunity to amend its complaint to state a claim under § 727.

### 7. *The Court Makes No Determination as to Relation Back under Rule 15(c)(1)(B).*

Pursuant to under Rule 15(c)(1)(B), Fed.R.Civ.P., made applicable to this adversary proceeding by Rule 7015, Fed.R.Bankr.P., an amendment of a pleading relates back to the date of the original pleading when: "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." The Supreme Court has interpreted this language to mean that relation back is improper when the amended claim "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). *See also Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 962 (10th Cir, 2012) (holding that claims will not relate back if the "factual allegations [a]re new and discrete from from the facts …originally pled.")

By granting leave to amend, the Court is making no determination as to whether Sierra Chemicals will receive the benefit of relation back under Rule 15(c)(1)(B).

## CONCLUSION

Based on the foregoing, the Court will grant, in part, and deny, in part, Defendant's Motion to Dismiss. The Court will enter an order consistent with this Memorandum Opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: 10/19/12

COPY TO:

<u>Attorneys for Plaintiff</u>

Jason C. Bousliman
Lewis and Roca, LLP
P.O. Box 1027
Albuquerque, NM 87103

-16-

Case 12-01166-t    Doc 20    Filed 10/19/12    Entered 10/19/12 15:33:24 Page 16 of 17

Daniel Matthew Hill
Lewis and Roca LLP
P.O. Box 1027
Albuquerque, NM 87103

<u>Attorney for Defendant</u>
Robert L. Finch
555 E. Main Street
Farmington, NM 87104