UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

Mitchell L. Mosley,

    Debtor.

Case No. 7-11-15299 TS

Sierra Chemicals, LLC,

    Plaintiff,

v.

Mitchell L. Mosley,

    Defendant.

Adv. Pro. No. 12-1166 T

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Debtor's Motion For Summary Judgment to Dismiss Plaintiff's First, Second, and Third Causes of Action on the Pleadings (the "Motion"), Plaintiff's response thereto (the "Response"), and Defendant's supporting reply (the "Reply"). The matter is fully briefed and ready for decision. For the reasons set forth below, the Motion will be denied.

### I.    SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56.[1] "[A] party seeking summary judgment always bears the initial

---

[1] Fed.R.Civ.P. 56 applies in adversary proceedings. *See* Bankruptcy Rule 7056.

responsibility of informing the district court of the basis for its motion, and … [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment. *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 B.R. 990, 995 (10th Cir. BAP 1997).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990). *See also Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1539 (10th Cir.1993) ("[T]he nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof."); *Otteson v. United States,* 622 F.2d 516, 519 (10th Cir.1980) (once a properly supported summary judgment motion is made, the opposing party must respond with specific facts showing the existence of a genuine factual issue to be tried); *Lazaron v. Lucas (In re Lucas)*, 386 B.R. 332, 335 (Bankr. D.N.M. 2008) (same).

To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). A mere "scintilla" of evidence will not avoid summary judgment. *Vitkus,* 11 F.3d at 1539. Rather, there must be sufficient evidence on which the fact finder could reasonably find for the nonmoving party. *See Anderson,* 477 U.S. at 251; *Vitkus,* 11 F.3d at 1539. "[T]here is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may

be granted." *Anderson,* 477 U.S. at 249. Where a rational trier of fact, considering the record as a whole, could not find for the non-moving party, there is no genuine issue for trial. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

## II. FACTS

The Court finds that there is no genuine issue about the following facts, based on Defendant's admissions in his answer (the "Answer") to Plaintiff's Amended Complaint for Objection to Dischargeability and Discharge Under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), 523(a)(6) and 727(a)(2)(A) and (a)(4)(A) (the "Amended Complaint"):[2]

1. Plaintiff is an Arizona limited liability company, owned by Sean Griswold.

2. Defendant is a former employee of Plaintiff, having been employed by Plaintiff in a number of capacities from September 2005 until his termination in January 2009.

3. On or about January 25, 2008, Plaintiff entered into an Employment Contract (the "Contract") with Defendant.

4. The Contract prohibited Defendant from using any confidential or proprietal trade secret information, obtained during the term of his employment or at any time thereafter.

5. Defendant represented when entering into the Contract that he would not use any confidential or proprietal trade secret information obtained during the term of his employment, or anytime thereafter.

6. Plaintiff terminated Defendant in January 2009.

7. On or about March 31, 2011, Defendant executed a Promissory Note ("Note") in favor of Brad Griffith and Robert Nelson in the amount of $30,000.00.

8. Defendant [mis]represented that he would pay the Note when he executed it.

---

[2] The Amended Complaint and Answer comprise the only record available to the Court. Admissions are part of the record for summary judgment purposes. *See* Fed. R. Civ. P. 56(c)(1)(A).

-3-

9. On or about July 11, 2011, Griffith and Nelson executed an Assignment of Promissory Note as part of settlement with Plaintiff, assigning all of their right, title and interest to and under the Note to Plaintiff.

10. The Note was never paid and is in default.

11. During his employment with Plaintiff, Defendant [had access to][3] intellectual property including but not limited to confidential, trade secret, proprietary information on the equipment, construction and techniques used by Plaintiff to build and use its specialized equipment, health, safety and operating manuals, report forms, marketing techniques all of which are owned by Plaintiff ("Intellectual Property").

12. Plaintiff owned the Intellectual Property.

13. On or about April 15, 2010, Plaintiff brought suit against Defendant in the United States District Court, District of New Mexico, commencing *Sierra Chemicals, L.C. v. Mitchell Mosley, et al.,* Civil No. 10-CV-00362-BB-DJS ("District Court Action").

14. Plaintiff's complaint in the District Court Action (the "District Court Complaint") contains claims for 1) breach of contract, 2) misappropriation of proprietary information and trade secrets, 3) conspiracy to misappropriate proprietary information and trade secrets, 4) unfair competition, 5) tortious interference and conspiracy to tortuously interfere, 6) unjust enrichment, 7) accounting; 8) temporary injunction; and 9) attorney fees.

15. Because of an arbitration clause in the Contract, the matter was referred to binding arbitration (the "Arbitration").

16. On September 20, 2011, the arbitrator entered an Interim Award, a copy of which is attached to the Amended Complaint as Exhibit 5 (the "Interim Award").

---

[3] Defendant admitted this fact, except that Defendant disputed he was "entrusted" with the Intellectual Property. The wording has been changed to state that Defendant had access to the Intellectual Property.

17.    On December 7, 2011, the United States District Court for the District of New Mexico entered an Order for Final Judgment in the District Court Action, a copy of which is attached to the Amended Complaint as Exhibit 7.

## III.    DISCUSSION

### A.    The Motion to Dismiss the First Claim.

Plaintiff's first cause of action (the "First Claim") seeks to have a promissory note claim against Defendant declared nondischargeable under 11 U.SC. § 523(a)(2)(a).  Defendant argues that the claim should be dismissed because the loan was made by third parties (Griffith and Nelson) and subsequently assigned to Plaintiff, and that Plaintiff cannot assert a § 523(a)(2)(a) based on an alleged misrepresentation to a third party.  Memorandum in support of the Motion, filed January 18, 2013, doc. 26 (the "Memorandum"), pp. 1-2.  The argument is not well taken. Nondischargeability claims of an original lender are assignable to a loan buyer or other assignee. *See, e.g., Boyajian v. New Falls Corp. (In re Boyajian),* 564 F.3d 1088, 1091-93 (9th Cir. 2009); *FDIC v. Meyer (In re Meyer),* 120 F.3d 66, 70-71 (7th Cir. 1997); *First Am. Title Ins. Co. v. Pazdzierz (In re Pazdzierz),* 459 B.R. 254, 261-62 (E.D. Mich. 2011); *In re Borshow,* 467 B.R. 410, 418-420 (Bankr. W.D. Tex. 2012); *In re Flores*, 2010 WL 3811920, at *3 (Bankr. S.D. Tex. 2010); *FDIC v. Bombard (In re Bombard),* 59 B.R. 952, 955 (Bankr. D. Mass. 1986).

There is a minority view.  *See, e.g., Criimi Mae Services Limited Partnership v. Hurley (In re Hurley),* 285 B.R. 871, 875-76 (Bankr. D.N.J. 2002) (assignee must also show reliance); *Tompkins & McMaster v. Whitenack (In re Whitenack),* 235 B.R. 819, 825-27 (Bankr. D.S.C. 1998).

The Court thinks the majority rule, exemplified by *Boyajian,* is more logical.  If the original lender had a valid nondischargeability claim against a debtor, the Court sees no reason

-5-

Case 12-01166-t    Doc 42    Filed 03/19/13    Entered 03/19/13 08:20:21 Page 5 of 11

why the right to assert such a claim should be destroyed by assignment. As the Seventh Circuit observed, "the very reason that the institution of assignment exists is to enable Creditor to transfer its rights against Debtor . . . to Assignee . . . ." *Meyer,* 120 F.3d at 70. The Court therefore rules that § 523(a)(2)(A) claims are assignable, and there is no requirement that the alleged misrepresentation be made to the assignee/plaintiff, so long as it is proved at trial that the misrepresentations were made to the original lender/assignor.

      B.      The Motion to Dismiss the Second Claim.

Plaintiff's second cause of action (the "Second Claim") seeks to have a portion of its claim declared nondischargeable under § 523(a)(4).[4] Defendant argues that the Second Claim should be dismissed under collateral estoppel principles, because key issues were litigated in the Arbitration, Plaintiff lost, and Plaintiff cannot relitigate the issues. Reply, pp. 2-3.[5]

           1.      Collateral Estoppel. Collateral estoppel (also known as issue preclusion) applies in adversary proceedings. *See Goss v. Goss,* 722 F.2d 599 (10th Cir. 1983) (applying doctrine in a bankruptcy case); *Doe v. Martinez (In re Martinez)*, 2012 WL 1641926, at *5 (Bankr. D.N.M. 2012), citing *Grogan v. Garner,* 498 U.S. 279, 284, n. 11 (1991).

The collateral estoppel effect to be given a prior federal judgment is a question of federal law. *Matosantos Commercial Corp. v. Applebee's Intern. Inc.,* 245 F.3d 1203, 1207 (10th Cir. 2001). The Tenth Circuit requirements for collateral estoppel are "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party,

---

[4] Plaintiff states that § 523(a)(4)(A) is the basis for the Second Claim. Amended Complaint, p. 10. There is no such Code section. The Court assumes the claim is based on § 523(a)(4), as set forth in the heading for the Second Claim. Amended Complaint, p. 9.

[5] Defendant could not argue that res judicata (claim preclusion) requires dismissal of the Second and Third Claims, because res judicata requires that the causes of action be the same. *See e.g. Parkland Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 326, n. 5 (1979)

-6-

or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Matosantos,* 245 F.3d at 1207, quoting *Dodge v. Cotter Corp.,* 203 F.3d 1190, 1198) (10th Cir. 2000), *cert. denied*, 531 U.S. 825 (2000).[6]

Under Federal law, arbitration awards that become federal court judgments can form the basis of issue preclusion. *See In re Molina*, 228 B.R. 248, 250 (9th Cir. BAP 1998); *In re Tam*, 136 B.R. 281, 287 (Bankr. D. Kan. 1992); *In re Selmonosky,* 204 B.R. 820, 824 (Bankr. N.D. Ga. 1996); *Norrell Health Care, Inc. v. Clayton (In re Clayton)*, 168 B.R. 700, 704-05 (Bankr. N.D. Cal. 1994); *Arndt v. Hanna (In re Hanna),* 163 B.R. 918, 923 (Bankr. E.D.N.Y. 1994) ("arbitration proceedings can, but do not necessarily, have preclusive effect in subsequent federal court proceedings").[7] In this adversary proceeding, the Court is satisfied that the Arbitration was sufficiently thorough and well-conducted, and the arbitrator's reasoning sufficiently set out in the Interim Award, for issue preclusion to apply, if the other proper elements were met.

      2.      <u>Does Collateral Estoppel Require Dismissal of the Second Claim</u>? Section 523(a)(4) excepts from the general discharge debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Defendant argues that Plaintiff's § 523(a)(4) claim is based on allegations of fraud, Reply, p. 3, and "the Arbitrator did not find fraud." *Id.*

---

[6] It does not matter whether Federal or state issue preclusion law applies. If the judgment at issue were from a state court, the Court would be required to give the judgment the same preclusive effect it would be given under the laws of the state in which it was rendered. *Gonzales v. Hernandez,* 175 F.3d 1202, 1204 (10th Cir. 1999); *In re Fordu*, 201 F.3d 693, 703 (6th Cir. 1999) (same). Under New Mexico law, a state court judgment is given preclusive effect if (1) the party to be estopped was a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation. *See Doe v. Martinez (In re Martinez)*, 2012 WL 1641926, at *6 (Bankr. D.N.M. 2012), citing *Shovelin v. Central New Mexico Elec. Co-op, Inc.,* 115 N.M. 293, 297, 850 P.2d 996, 1000 (1993).

[7] State law is in agreement. *See Rex, Inc. v. Manufactured Housing Committee,* 119 N.M. 500, 504, 892 P.2d 947, 951 (1995); *Clay v. New Mexico Title Loans, Inc.,* 2012 NMCA 2102, ¶42, 288 P.3d 888, 901 (N.M. App. 2012), *cert. denied*, 2012 NMCERT 9 (2012) (citing and following *Rex*); *In re Deerman*, 482 B.R. 344, 362-63 (Bankr. D.N.M. 2012).

-7-

Case 12-01166-t    Doc 42    Filed 03/19/13    Entered 03/19/13 08:20:21 Page 7 of 11

The table below shows the allegations in Second Claim, the most nearly analogous allegations in the District Court Action, and the arbitrator's rulings on the most nearly related issues:

| § 523(a)(4) allegations | District Court Action allegations | Arbitration rulings |
|---|---|---|
| | | |
| Defendant fraudulently signed the Contract | Defendant made promises in the Contract, and intentionally breached the Contract (District Court Complaint, p. 8) | Defendant substantially breached his employment contract |
| Defendant fraudulently appropriated the Intellectual Property | Defendant intentionally and wrongfully misappropriated the Intellectual Property (District Court Complaint, p. 9) | Defendants did not violate the New Mexico Uniform Trade Secrets Act |
| Defendant's acts were done with malicious and felonious intent | No analogous allegations | Defendant acted with malice in his purposeful and clandestine removal of confidential information from Plaintiff |
| Defendant's debt to Plaintiff was incurred by "embezzlement, or larceny, by false pretenses, a false representation, and/or actual fraud" | No analogous allegations | No applicable ruling |

Defendant's argument fails for two reasons. First, it does not appear that fraud was alleged by Plaintiff in the District Court Action, nor "finally adjudicated" by the arbitrator. The words "fraud" or "misrepresentation" never appear in the District Court Complaint, and the arbitrator's ruling does not mention fraud or misrepresentation.

Second, Plaintiff's § 523(a)(4) claim, although not clearly plead, alleges more than fraud. For example, there is an allegation that the debt arose by "embezzlement, or larceny by false pretenses, a false representation, and/or actual fraud." Amended Complaint, p. 10. Based on the

meager record before the Court, it does not appear that nearly enough issues raised in Plaintiff's Second Claim were litigated in the Arbitration to warrant summary judgment against Plaintiff based on collateral estoppel.

Clearly, the issue of alleged fraudulent and/or malicious and/or felonious execution of the Contract was not plead or litigated, nor was the alleged fraudulent, malicious, and felonious appropriation of the Intellectual Property, nor was the embezzlement/theft of the Intellectual Property.[8] In short, although the issues litigated appear similar in many respects, the Court does not think it appropriate to conclude that all of the dispositive issues raised in the Second Claim were fully and fairly adjudicated in the Arbitration.

      C.      <u>The Motion to Dismiss the Third Claim</u>.

Plaintiff's Third Cause of Action (the "Third Claim") seeks to declare a portion of Plaintiff's claim nondischargeable under § 523(a)(6) The elements of a § 523(a)(6) claim are: (1) an injury to the plaintiff or his property; (2) the injury was caused by defendant; (3) defendant's actions causing the injury were intentional, and defendant intended to harm plaintiff and his property; and (4) defendant's actions were intentional and wrongful, done without justification or excuse. *In re Deerman,* 482 B.R. at 369 (collecting cases).

Defendant argues that the Third Claim should be dismissed because the arbitrator ruled that Defendant's actions were not willful or malicious. Reply pp. 1, 3-4. The table below shows

---

[8] The arbitrator ruled Defendant did not violate Plaintiff's trade secrets rights under New Mexico statutory law when Defendant assembled his own "Fin Fan" cleaning trailer. Interim Award, p. 2. At trial of this adversary proceeding, Plaintiff will be precluded from re-litigating the issue. Preclusion of this issue, however, does not warrant dismissal of the Second Claim. In this regard, it should be noted that while the arbitrator ruled Defendant did not violate the New Mexico Trade Secrets Act, Plaintiff's claim was based on Defendant's alleged common law duties to Plaintiff. The Court may need to take evidence on the apparent difference between the trade secret claim plead and the arbitrator's ruling.

-9-

Case 12-01166-t    Doc 42    Filed 03/19/13    Entered 03/19/13 08:20:21 Page 9 of 11

the allegations in Third Claim, the most nearly analogous allegations in the District Court Action, and the arbitrator's rulings on the most nearly related issues:

| § 523(a)(6) allegations | District Court Action allegations | Arbitration rulings |
|---|---|---|
| | | |
| Defendant's violations of the Contract were willful and done with felonious intent | Defendant made promises in the Contract, and intentionally breached the Contract (District Court Complaint, p. 8) | Defendant substantially breached his employment contract |
| Defendant unlawfully and fraudulently appropriated the Intellectual Property | Defendant intentionally and wrongfully misappropriated the Intellectual Property (District Court Complaint, p. 9) | Defendants did not violate the New Mexico Uniform Trade Secrets Act |
| Plaintiff justifiably relied on the representation in the Contract | See above | See above |
| Defendants violations of the Contract were done with the intent of harming Plaintiff | See above | Defendant acted with malice in his purposeful and clandestine removal of confidential information from Sierra |
| Plaintiff has suffered malicious injuries | See above | Award of $15,000 in punitive damages is appropriate |

While, as noted above, some of the issues raised in the Amended Complaint may be precluded by the arbitrator's decision (i.e. whether the New Mexico trade secrets statute prohibited Defendant from building and using his Fin Fan trailer), the Court does not believe Plaintiff's §523(a)(6) claim should be dismissed on issue preclusion grounds. If anything, issue preclusion may work against Defendant in the Third Claim, since the arbitrator found that Defendant's actions were taken with malice.

IV. CONCLUSION

Due to a combination of factors, including the meager record before the Court; the somewhat vague and confusing allegations in the Amended Complaint; the general nature of some of the arbitrator's ruling; the undisputed fact that certain issues raised in the adversary proceeding were not litigated or determined in the Arbitration, or were determined in Plaintiff's favor; and the fact that at least portions of Plaintiff's nondischargeability claims must be tried in any event; the Court concludes that the Motion should be denied. This ruling should not be construed as a ruling on the merits of any claim or defense, nor that relitigation of any particular issue will or will not be allowed at trial.

The Court will enter an order consistent with this Memorandum Opinion.

_____
Hon. David T. Thuma, United States Bankruptcy Judge

Entered on docket: March 19, 2013.

Copy to:

Jason Bousliman
201 Third Street NW, Suite 1950
Albuquerque, NM 87103

Robert L. Finch
555 E. Main Street
Farmington, NM 87401

-11-

Case 12-01166-t    Doc 42    Filed 03/19/13    Entered 03/19/13 08:20:21 Page 11 of 11